# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ALBERT JUNIOR CRAFT, #56526**                                                    **PLANTIFF**

**VERSUS**                                         **CIVIL ACTION NO.  1:07cv1280-LG-RHW**

**CITY OF GULFPORT, et al.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Mississippi Department of Corrections, filed on December 28, 2007, a complaint pursuant to 42 U.S.C. § 1983 and motion to proceed *in forma pauperis* status. On January 23, 2008, this Court entered an order denying the Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes" provision. The Plaintiff was directed to pay the $350.00 filing fee within 30 days. The Plaintiff was warned in this order that his failure to timely comply with the requirements of the order could result in the dismissal of his case. The Plaintiff failed to comply with this order.

On March 27, 2008, an order was entered directing the Plaintiff to show cause on or before April 11, 2008, why this case should not be dismissed for his failure to comply with the Court's order of January 23, 2008. In addition, the Plaintiff was directed to comply with the order of January 23, 2008, on or before April 11, 2008. The Plaintiff was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The Plaintiff has not complied with the show cause order.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

Because the Plaintiff has not complied with two court orders as directed, this Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to FED. R. CIV. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 6th day of May 2008.

s/*Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge